*C. C. Nave*, for the appellant.

May Term, 1855.

CHANCE
v.
HALEY.

---

## CHANCE v. HALEY.

A judgment having been rendered by a justice of the peace for the plaintiff, the defendant brought the proceedings before the Circuit Court by *certiorari*, and the judgment having been reversed, the Circuit Court tried the cause, and reduced the plaintiff's judgment more than 5 dollars. *Held*, under the R. S. 1843, that the defendant was entitled to judgment for the costs before the justice and in the Circuit Court.

May Term,
1855.

CHANCE
v.
HALEY.

Friday,
June 8.

APPEAL from the *Grant* Circuit Court.

GOOKINS, J.— *Chance* obtained a judgment against *Haley*, before a justice of the peace, for 75 dollars. *Haley* brought the proceedings into the Circuit Court by a writ of *certiorari*, and upon errors in law assigned, the judgment of the justice was reversed, at the costs of *Chance*. The Circuit Court retained the cause for trial, which finally resulted in a verdict and judgment for the plaintiff for 63 dollars and 48 cents, upon which the Circuit Court gave judgment in favor of the defendant for costs. The incorrectness of this judgment for costs is the only error assigned.

The statute of 1843, p. 895, s. 198, provides that if, on *certiorari*, the judgment of the justice be reversed, the Court shall render judgment of reversal, and for the costs that have accrued up to that time in the Circuit Court, in favor of the plaintiffs in the *certiorari*, but the cause shall be retained by the Court for trial and final judgment, as in cases of appeal.

The same question, in substance, was before this Court, in the case of *The Centreville and Abington Turnpike Co.* v. *Jarrett*, 4 Ind. R. 213, which was an appeal from an award of arbitrators appointed to assess damages. The act, in that case, authorized the appeal "according to the same rules that prevail in cases taken from justices' judgments." In that case, the amount recovered on the appeal having been reduced more than 5 dollars, it was held that the defendant was entitled to costs, such being the statute regulating appeals. In the case under consideration, the language does not differ materially from that used in the case above cited.

The appellant insists, that having been subjected to the costs of the judgment of reversal, that is the penalty provided for having taken an erroneous judgment before the justice; that the parties then stood upon an equality, and if he finally obtained judgment, he was entitled to costs. The same might be said where a party was permitted to amend his pleadings, on appeal, upon the payment of costs. Though the party against whom judgment had been given

below should, by his amendment, bring in the very matter which should occasion the reduction, the consequence of such reduction would follow nevertheless. This case can not be distinguished in principle from that above quoted, and the judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brownlee*, for the appellant.

*I. Van Devanter*, for the appellee.